Commonwealth of Pennsylvania    :
                                  :
          v.                     :
                                  :
Justin M. Miller,              :     No. 343 C.D. 2022
              Appellant    :     Submitted: December 12, 2022

BEFORE:    HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE ELLEN CEISLER, Judge
                HONORABLE STACY WALLACE, Judge

OPINION
BY JUDGE FIZZANO CANNON         FILED: January 9, 2023

Justin M. Miller (Miller) seeks review of the December 10, 2021 order of the Court of Common Pleas of Schuylkill County (trial court) that affirmed the Schuylkill County Sheriff's Office's (Sheriff's Office) revocation of Miller's license to carry a firearm and denial of Miller's application to carry a firearm. Upon review, we affirm.

The facts underlying this matter are relatively straightforward and not in contention. Prior to July 2021, Miller possessed a license to carry a firearm (LTC) issued by the Sheriff's Office on June 13, 2017. *See* Letter from Schuylkill County Sheriff's Office dated July 26, 2021 (Revocation Letter), Sheriff's Office Exhibit 1 to the December 2, 2021 Appeal from Denial and Revocation of License to Carry Firearms Hearing (Hearing). On July 25, 2021, the Pennsylvania State Police arrested Miller on multiple charges, including terroristic threats in violation of

Section 2706 of the Crimes Code, 18 Pa.C.S. § 2706. *See* Adult Criminal Record Search dated December 2, 2021, Petitioner's Hearing Exhibit 1 (Criminal Record Search). The following day, July 26, 2021, the Sheriff's Office sent Miller the Revocation Letter informing him that his LTC was revoked and instructing him to surrender his LTC to the Sheriff's Office within 5 days as required by law.[1] *See* Revocation Letter.

After receiving the Revocation Letter, Miller did not surrender his LTC as instructed, but instead applied for a new LTC on August 20, 2021 (LTC Application). *See* Notes of Testimony December 2, 2021 (N.T.) at 41; *see also* LTC Application dated August 20, 2021, Sheriff's Office Hearing Exhibit 3. On September 14, 2021, the Sheriff's Office sent Miller a letter, certified delivery, denying the LTC Application and instructing Miller again that he must return his revoked LTC within 5 days. *See* N.T. at 43; *see also* Letter from Sheriff's Office dated September 14, 2021, Sheriff's Office Hearing Exhibit 4 (Denial Letter). Thereafter, Miller sought legal counsel and appealed the LTC Application denial to the trial court. *See id.* at 44.

The trial court held a hearing on the LTC Application denial appeal on December 2, 2021. *See generally* N.T. at 1-61. At the hearing, Miller presented the testimony of Crista DiCasimirro, the First Deputy of the Schuylkill County Clerk of Courts' Office.[2] *See* N.T. at 3-10. DiCasimirro testified that she completed an adult

---

[1] *See* Section 6109(i) of the Crimes Code, 18 Pa.C.S. § 6109(i) ("An individual whose license is revoked shall surrender the license to the issuing authority within five days of receipt of the notice.").

[2] DiCasimirro has served as First Deputy of the Clerk of Courts' Office in Schuylkill County for five years. *See* N.T. at 4. In her position as First Deputy, DiCasimirro oversees the Clerk of Courts' Office and acts as the custodian of all criminal records in Schuylkill County. *See id.*

criminal record search regarding Miller at the request of the Sheriff's Office. *See id.* at 5; *see also* Criminal Record Search. DiCasimirro explained that Miller's criminal record showed four offenses, including an arrest for terroristic threats,[3] but that all the offenses had been either dismissed or nolle prossed by the prosecution. *See id.* at 6; *see also* Criminal Record Search. As a result, DiCasimirro explained that Miller has no criminal record that would be available to the public.[4] *See id.* at 7.

Miller also testified on his own behalf at the LTC Application denial appeal hearing. *See* N.T. at 10-25. Miller explained that he is a lifelong Schuylkill County resident[5] who has been issued a LTC by the Sheriff's Office multiple times since 2001, and that he needs the LTC for personal protection and because he regularly carries large sums of cash in relation to his businesses.[6] *See id.* at 10 & 12-14. Miller acknowledged receiving the Revocation Letter in July of 2021, but claims that it was delivered by regular mail, not certified mail.[7] *See id.* at 13. Miller did

---

[3] 18 Pa.C.S. § 2706.

[4] DiCasimirro described each of the offenses as "clean slated," alluding to clean slate limited access to criminal records under Section 9122.2 of the Crimes Code, 18 Pa.C.S. § 9122.2, which limits access to individuals' criminal history for old convictions and charges that resulted in final dispositions other than a conviction. *See* N.T. at 7.

[5] Miller explained that the only times in his life when he did not live in Schuylkill County were during his service in the United States Army from 1998 through 2001 and again from 2002 through 2005. *See* N.T. at 10-11.

[6] Miller owns multiple retail building supply stores and travels routinely with large sums of cash for deposit from these stores. *See* N.T. at 13. He is also involved in real estate and owns multiple rental properties from which he daily carries large sums of cash from collected rents. *See id.* at 13-14.

[7] Miller admitted to receiving the Revocation Letter at his business/residential address at 100 West Market Street, Schuylkill Haven, but claimed to have received the letter via regular instead of certified mail. *See* N.T. at 22. Miller also explains that he sometimes lives at a different address located at 20 Miller's Lane, Schuylkill Haven. *See id.*

not surrender his LTC to the Sheriff's Office, but instead applied for another LTC in August of 2021 by filing the LTC Application, which the Sheriff's Office denied. *See id.* Miller acknowledged that he has been named in Protection from Abuse (PFA) actions by three different women. *See id.* at 14-19 & 24. He explained that he consented to the entry of one PFA for a three-month period without an admission of guilt to the allegations contained in the PFA application, and that permanent PFAs in the other two actions were denied by the court. *See id.* Miller further acknowledged that he was arrested in August of 2009 for violation of a PFA order, but he explained that the matter was dismissed at the preliminary hearing level when his ex-wife admitted that she had lied about the alleged violation. *See id.* at 19-20. Additionally, Miller acknowledged that he was arrested on July 25, 2021, for charges that included terroristic threats. *See id.* at 24-25. Finally, Miller further acknowledged that the Revocation Letter informed him of the requirement that he surrender his LTC to the Sheriff's Office, but that he failed to do so. *See id.* at 23-24.

The Sheriff's Office also put forth witnesses at the LTC Application denial appeal hearing. Sergeant Barbara Szczyglak[8] testified that, on July 25, 2021, she participated in a review of whether Miller's LTC should be revoked after the Pennsylvania State Police informed the Sheriff's Office of Miller's arrest for terroristic threats. *See* N.T. at 34. Sergeant Szczyglak consulted with Sheriff Joseph Groody, who instructed her to revoke Miller's LTC. *See id.* at 34-35. That same day, she drafted the Revocation Letter, which was dated July 26, 2021, and which listed Miller's recent arrest for terroristic threats as the reason for the revocation.

---

[8] Sergeant Szczyglak has been employed in the Sheriff's Office for the past 27 years. *See* N.T. at 33. Her primary duty is attending to applications and revocations of LTCs. *See id.*

4

*See id.* at 34-36. Additionally, Sergeant Szczyglak testified that the Revocation Letter included a warning that Miller needed to return his LTC to the Sheriff's Office within five days or face possible criminal charges. *See id.* at 36. Sergeant Szczyglak explained that Sheriff Groody signed the Revocation Letter and it was sent via certified mail to both Miller's 100 West Market Street, Schuylkill Haven, address and to the 20 Miller's Lane, Schuylkill Haven, address to which Miller had been bailed following his terroristic threats arrest. *See id.* at 36-37. Sergeant Szczyglak further testified that the certified letter addressed to 100 West Market Street, Schuylkill Haven, came back to the Sheriff's Office as an unclaimed letter with the certified mail return card intact, but that the letter to the 20 Miller's Lane address came back as delivered and signed for on July 27, 2021. *See id.* at 36-37. Sergeant Szczyglak testified that Miller appealed the revocation of his LTC, but did so more than 30 days after the date of revocation. *See id.* at 38. Further, Sergeant Szczyglak explained that, despite receiving the Revocation Letter, Miller has not surrendered his LTC to the Sheriff's Office or explained his failure to do so. *See id.* at 38 & 44.

Sergeant Szczyglak additionally testified that, after the Revocation Letter was sent, Miller submitted the LTC Application online on August 20, 2021. *See* N.T. at 41. The LTC Application triggered a review carried out by Sergeant Szczyglak and Sheriff Groody, after which the LTC Application was denied through the September 14, 2021 Denial Letter based on Miller's unfavorable character and reputation evidenced by a pattern of PFAs and criminal charges filed against him. *See id.* at 42 & 48. The Sheriff's Office sent the Denial Letter via certified mail to Miller's 100 West Market Street address and his 20 Miller's Lane address, both of which letters' return certifications were returned to the Sheriff's Office indicating that the copies of the Denial Letters had been delivered and received. *See id.* at 42-

44. Further, the Denial Letter explained to Miller that his previous LTC remained revoked and reminded Miller of his obligation to turn in his LTC to the Sheriff's Office within five days. *See id.* at 43. Sergeant Szczyglak explained the Sheriff's Office thereafter received Miller's counseled appeal. *See id.* at 44.

Sheriff Groody[9] also testified at the Application denial appeal hearing. *See* N.T. at 48-60. Sheriff Groody explained that the final determinations to revoke Miller's LTC and to deny the LTC Application were his. *See id.* at 49. He explained that the revocation of Miller's LTC was based on the July 25, 2021 arrest by the Pennsylvania State Police for terroristic threats. *See id.* at 50 & 56. Sheriff Groody further explained that Miller's continued pattern of conduct involving multiple PFAs and criminal charges being filed against him evidenced a course or pattern of conduct that caused Sheriff Groody, based on his years of experience in law enforcement, to believe that Miller could present a future danger to law enforcement or the community. *See id.* at 50-51, 58-60. Additionally, Sheriff Groody testified that the fact that the criminal charges were dropped and the PFAs were dismissed or dropped did not change his assessment of Miller's pattern of conduct in relation to his entitlement to an LTC. *See id.* at 50 & 58.

State Trooper Vincent Laselva[10] also testified at the Application denial appeal hearing. *See* N.T. at 26-32. Trooper Laselva has never personally dealt with Miller, but he testified that Miller had been arrested by State Troopers from his

---

[9] Sheriff Groody has a total of 43 years of experience in law enforcement. *See* N.T. at 59. He has been the Schuylkill County Sheriff for approximately 13½ years. *See id.* at 49. As part of his duties, he oversees deputies within the Sheriff's Office, including Sergeant Szczyglak and her duties regarding the review of LTC applications and revocations. *See id.*

[10] Trooper Laselva has been a Pennsylvania State Trooper for 11 years and currently serves as Patrol Unit Supervisor of the Schuylkill Haven barracks. *See* N.T. at 26.

barracks in June of 2020 on charges of harassment and again in July of 2021 on the terroristic threats charge. *See id.* at 31. Trooper Laselva conceded on cross-examination that those charges were both either nolle prossed or dismissed. *See id.* at 32.

Based on this evidence, the trial court denied Miller's appeal of the Application denial by opinion and order dated December 10, 2021, stating:

> [Miller's] lack of criminal record and his involvement in prior PFA filings does not in and of itself disqualify [him] from obtaining a[n] LTC. The Sheriff's rationale for issuing the denial based upon [Miller's] purported criminal record and prior PFA filings is arbitrary and capricious. Nonetheless, a lack of a criminal record does not necessarily equate with having good character. This [c]ourt is troubled by [Miller's] failure to surrender the revoked LTC to the proper authority in accordance with the law. [Miller's] testimony that he still has not surrendered his LTC, despite being formally notified on two (2) separate occasions by the Sheriff's [Office] is alone supportive of the Sheriff's [Office's] denial of [the Application] based on character and safety concerns. Regardless of whether [Miller] agrees or disagrees with the law, his blatant and overt violation of the statute goes to the very core of the "character" standard supporting the decision of the Schuylkill County Sheriff in revoking [Miller's] LTC[] and denying [the Application].

*See* Trial Court Opinion and Order dated December 10, 2021 (Trial Court Opinion). Miller timely appealed to this Court.[11]

---

[11] Miller originally filed the instant appeal in the Superior Court of Pennsylvania, which transferred the matter to this Court by order filed in the Superior Court on March 4, 2022, and received by this Court on April 13, 2022. *See* Superior Court Docket No. 72 MDA 2022 Order dated March 4, 2022.

7

On appeal,[12] Miller claims that the trial court erred by denying his appeal of both the Sheriff's Office's revocation of his LTC and the denial of the LTC Application. *See* Miller's Br. at 4 & 9-17. Miller argues that the evidence presented at the hearing was insufficient to revoke his LTC or to deny the LTC Application on the basis of his character, reputation, or any danger he presents to the public or law enforcement officers. *See id.*

Section 6109 of the Crimes Code, 18 Pa.C.S. § 6109, controls the issuance of LTCs within the Commonwealth and requires that an individual seeking an LTC apply for such a license with the sheriff of the county in which the person resides. *See* 18 Pa.C.S. § 6109(b). Upon receiving an LTC application, the sheriff must:

> (1) investigate the applicant's record of criminal conviction;
>
> (2) investigate whether or not the applicant is under indictment for or has ever been convicted of a crime punishable by imprisonment exceeding one year;
>
> (3) investigate whether the applicant's character and reputation are such that the applicant will not be likely to act in a manner dangerous to public safety;
>
> (4) investigate whether the applicant would be precluded from receiving a license under subsection (e)(1) or section 6105(h) (relating to persons not to possess, use, manufacture, control, sell or transfer firearms); and

---

[12] Where, as here, a trial court took evidence and heard a sheriff's office's LTC determination *de novo*, this Court's review is limited to determining whether the trial court abused its discretion or committed an error of law, or whether a violation of constitutional rights occurred. *See Caba v. Weaknecht*, 64 A.3d 39, 44 n.5 (Pa. Cmwlth. 2013).

8

(5) conduct a criminal background, juvenile delinquency and mental health check following the procedures set forth in section 6111 (relating to sale or transfer of firearms), receive a unique approval number for that inquiry and record the date and number on the application.

18 Pa.C.S. § 6109(d). Subsection (e)(1)(i) of Section 6109 prohibits the issuance of an LTC to "[a]n individual whose character and reputation [are] such that the individual would be likely to act in a manner dangerous to public safety." 18 Pa.C.S. § 6109(e)(1)(i). Subsection (e)(1)(viii) of Section 6109 further prohibits the issuance of an LTC to "[a]n individual who is charged [with] a crime punishable by imprisonment for a term exceeding one year[.]" 18 Pa.C.S. § 6109(e)(1)(viii). Additionally, subsection (i) of Section 6109 provides that an LTC may be revoked by the issuing authority for good cause, and expressly requires revocation for any of the reasons stated in subsection (e)(1). *See* 18 Pa.C.S. § 6109(i) ("A[n LTC] may be revoked by the issuing authority for good cause. A[n LTC] shall be revoked by the issuing authority for any reason stated in subsection (e)(1) which occurs during the term of the permit.").

Initially, regarding the revocation of Miller's LTC,[13] on the day after his July 25, 2021, arrest by the State Police, Miller stood charged with terroristic threats, a misdemeanor of the first degree punishable by up to five years in prison. *See* 18 Pa.C.S. § 2706(d) (grading terroristic threats as a misdemeanor of the first degree); 18 Pa.C.S. § 1104(1) (fixing term of imprisonment for conviction of a misdemeanor of the first degree at not more than five years). Sheriff Groody and

---

[13] We note that the timeliness of Miller's purported revocation appeal was challenged and discussed at the trial court hearing and taken under advisement. *See* N.T. at 38-40. Because the testimony at the hearing was arguably inconclusive as to when Miller received a certified copy of the Revocation Letter, and given the interrelatedness of the Revocation and LTC Application issues and testimony as well as our determination herein, we address the revocation question.

Sergeant Szczyglak each testified that this arrest for terroristic threats was the reason for the July 26, 2021, revocation of Miller's LTC. *See* N.T. 35-36, 50 & 56. The Crimes Code expressly requires the revocation of a previously issued LTC for any of the reasons listed in Section 6109(e)(1) (describing to whom an LTC may not be issued) that occur during the pendency of the LTC in question, which reasons include an individual being charged with crimes punishable by imprisonment for a term exceeding one year. *See* 18 Pa.C.S. § 6109(e)(1)(viii) & 6109(i). Thus, the trial court did not err in affirming the revocation of Miller's LTC by the Sheriff's Office.

Further, regarding the denial of the LTC Application, we find no error in the trial court's affirmation of the Sheriff's Office's determination. The Crimes Code mandates that the sheriff of a county in which an application for an LTC is made investigate, *inter alia*, "whether the applicant's character and reputation are such that the applicant will not be likely to act in a manner dangerous to public safety." 18 Pa.C.S. § 6109(d). The Crimes Code further requires the denial of an LTC application where the investigating sheriff determines that the applying individual's "character and reputation [are] such that the individual would be likely to act in a manner dangerous to public safety." 18 Pa.C.S. § 6109(e)(1)(i). Implicit in these requirements is that an investigating sheriff has discretion to determine the character and reputation of LTC applicants based on the sheriff's investigation. *See* 18 Pa.C.S. § 6109(d) & (e)(1)(i). In the instant matter, Sheriff Groody testified that he conducted the required investigation and determined that Miller's course of conduct, as exemplified by repeated involvement in PFA proceedings and multiple arrests, illustrated a character which, in Sheriff Groody's estimation, disqualified Miller from receiving an LTC pursuant to Section 6109 of the Crimes Code. *See* N.T. at 50-51, 53 & 58-60. The Crimes Code provides Sheriff Groody with the

discretion to make such a determination. *See* 18 Pa.C.S. § 6109(d) & (e)(1)(i). For this reason, we find no error in the trial court's affirmance of the Sheriff's Office's denial of Miller's LTC Application.[14]

For the preceding reasons, we affirm the trial court's December 10, 2021 order affirming the denial of the LTC Application.

_____
CHRISTINE FIZZANO CANNON, Judge

---

[14] "This Court may affirm on grounds different than those relied upon by the court or agency below if such grounds for affirmance exist." *Smart Commc'ns Holding, Inc. v. Wishnefsky*, 240 A.3d 1014, 1016 n.2 (Pa. Cmwlth. 2020) (quoting *Motor Coils MFG/WABTEC v. Workers' Comp. Appeal Bd. (Bish)*, 853 A.2d 1082, 1087 n.9 (Pa. Cmwlth. 2004) (brackets omitted)).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania     :
                                :
        v.                          :
                                  :
Justin M. Miller,                  :    No. 343 C.D. 2022
              Appellant      :

## O R D E R

AND NOW, this 9th day of January, 2023, the December 10, 2021 order of the Court of Common Pleas of Schuylkill County is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge